# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY G. BRUYN,<br>　　　Plaintiff<br>　vs.<br><br>AUBREY CARRINGTON,<br>Individually and as Senior Human<br>Resources Generalist,<br><br>CARGILL MEAT SOLUTIONS<br>CORPORATION, a Delaware<br>corporation,<br><br>CARGILL, INCORPORATED,<br>a Delaware corporation,<br><br>TROOPER MITCHELL KERRICK,<br>in his individual capacity,<br><br>PENNSYLVANIA STATE POLICE,<br>a Commonwealth agency,<br>　　　Defendants | CIVIL ACTION　4:25-CV-2460<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Barry G. Bruyn, by and through undersigned counsel, files the following Complaint:

### **JURISDICTION, VENUE, AND AUTHORITY**

1.　　This action arises under the Constitution and laws of the United States. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff asserts a federal cause of action under 42 U.S.C. §1983 for violation of the Fourth Amendment.

1

2. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. §1367(a), as those claims form part of the same case or controversy as the federal claim.

3. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. §1391(b)(2) because the events giving rise to these claims occurred in Bradford County, Pennsylvania, which lies within this District.

## PARTIES

4. Plaintiff, Barry G. Bruyn, is an adult individual residing at 44 Teels Landing Lane, Wyalusing, Pennsylvania 18853.

5. Defendant, Aubrey Carrington ("Carrington"), is an adult individual who, on May 14, 2025, was employed as Senior Human Resources Generalist at the Cargill Meat Solutions Corporation facility located at 1252 Route 706, Wyalusing, Pennsylvania.

6. Defendant, Cargill Meat Solutions Corporation, is a Delaware corporation that owns and operates the Wyalusing beef-processing facility.

7. Defendant, Cargill, Incorporated, is a Delaware corporation with its principal place of business at 15407 McGinty Road West, Minnetonka, Minnesota, and is the parent of Cargill Meat Solutions Corporation.

8. Defendant, Trooper Mitchell Kerrick ("Trooper Kerrick"), is a Pennsylvania State Police Trooper sued only in his individual capacity. He may be served at PSP Troop P, 1985 Wyalusing–New Albany Road, Wysox, PA 18854.

## FACTUAL ALLEGATIONS

9. On May 14, 2025, Plaintiff was performing his official duties as a USDA Food Safety and Inspection Service inspector at the Cargill Meat Solutions facility in Bradford County.

10. Plaintiff did not possess any controlled substances, did not drop or discard any controlled substances, and engaged in no unlawful conduct while on the premises.

11. At approximately 10:02 a.m. on May 14, 2025, Defendant Carrington contacted Pennsylvania State Police Troop P.

12. Defendant Carrington told Trooper Kerrick that she observed Plaintiff open his white USDA lab coat in an administrative stairwell inside the facility.

2

13. Defendant Carrington stated that a small clear plastic bag containing a white powdery substance fell from inside Plaintiff's lab coat onto a stair.

14. Defendant Carrington stated that she retrieved the bag.

15. Defendant Carrington stated that she conducted a Nik Test Kit field test on the substance.

16. Defendant Carrington reported that the test was positive for methamphetamine.

17. Defendant Carrington separately described to Trooper Kerrick what she claimed the facility's surveillance video depicted concerning Plaintiff.

18. Defendant Carrington's statements consistently asserted that a bag fell from Plaintiff's lab coat and contained methamphetamine.

19. Trooper Kerrick incorporated Defendant Carrington's statements into his Affidavit of Probable Cause and represented that he personally reviewed video footage of the alleged conduct.

20. On May 27, 2025, Trooper Kerrick filed a Criminal Complaint under PSP Complaint No. P58BB98386 and Incident No. PA 2025-585836.

21. The Complaint was docketed as CR-103-2025, OTN F10124380.

22. Plaintiff was charged with possession of a controlled substance (methamphetamine) in violation of 35 P.S. §780-113(a)(16).

23. Plaintiff was also charged with possession of drug paraphernalia in violation of 35 P.S. §780-113(a)(32).

24. The arrest and charges were published in a newspaper of general circulation.

25. No controlled substance was ever recovered from Plaintiff's person, clothing, vehicle, or any other location.

26. On May 17, 2025, Plaintiff submitted to a comprehensive urine drug screen through Millennium Health.

27. The Millennium Health RADAR® report was negative for methamphetamine, amphetamines, and all other substances tested.

28. On June 3, 2025, the Bradford County District Attorney withdrew all charges.

29. The criminal prosecution terminated entirely in Plaintiff's favor.

30. Since May 14, 2025, Plaintiff has been unable to return to work and has required ongoing medical treatment for anxiety, emotional distress, humiliation, and related conditions. Plaintiff has suffered reputational harm, emotional harm, lost income, and medical expenses.

## COUNT I - DEFAMATION PER SE

**Barry G. Bruyn v. Aubrey Carrington, Cargill Meat Solutions Corporation, and Cargill, Incorporated**

31. Plaintiff incorporates Paragraphs 1-30.

32. Defendant Carrington's statements accusing Plaintiff of possessing methamphetamine constitute defamation per se because they impute an indictable criminal offense.

33. The statements were false.

34. Defendant Carrington published the statements to Trooper Kerrick knowing they were false or with reckless disregard for their truth.

35. The allegations were later repeated in official state police documents and in a newspaper, causing additional reputational harm.

36. Defendant Carrington acted within the scope of her employment; the Cargill Defendants are vicariously liable.

## COUNT II - FALSE LIGHT INVASION OF PRIVACY

**Barry G. Bruyn v. Aubrey Carrington, Cargill Meat Solutions Corporation, and Cargill, Incorporated**

37. Plaintiff incorporates Paragraphs 1-36.

38. Defendant Carrington publicized statements portraying Plaintiff as a person who possessed methamphetamine.

39. This portrayal was false and would be highly offensive to a reasonable person.

4

40. Defendant Carrington acted knowingly or with reckless disregard for the truth; the Cargill Defendants are vicariously liable.

## COUNT III - MALICIOUS PROSECUTION (STATE LAW)

**Barry G. Bruyn v. Aubrey Carrington, Cargill Meat Solutions Corporation, and Cargill, Incorporated**

41. Plaintiff incorporates Paragraphs 1-40.

42. Defendant Carrington knowingly provided false information to law enforcement.

43. Defendant Carrington's statements were a substantial factor in initiating criminal proceedings against Plaintiff without probable cause.

44. Defendant Carrington acted with malice or reckless disregard for Plaintiff's rights.

45. The prosecution terminated in Plaintiff's favor. The Cargill Defendants are vicariously liable.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Barry G. Bruyn v. Aubrey Carrington, Cargill Meat Solutions Corporation, and Cargill, Incorporated**

46. Plaintiff incorporates Paragraphs 1-45.

47. Defendant Carrington's actions in making false criminal accusations that caused Plaintiff's arrest and prosecution were extreme and outrageous.

48. Defendant Carrington intended to cause emotional distress or acted with reckless disregard for the likelihood of causing such distress.

49. Plaintiff suffered severe emotional distress requiring medical treatment.

50. The Cargill Defendants are vicariously liable.

5

## COUNT V - NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

### Barry G. Bruyn v. Cargill Meat Solutions Corporation and Cargill, Incorporated

51. Plaintiff incorporates Paragraphs 1-50.

52. The Cargill Defendants owed a duty to exercise reasonable care in hiring, training, supervising, and retaining employees whose responsibilities include reporting conduct and interacting with law enforcement.

53. The Cargill Defendants breached this duty by failing to adequately train or supervise Defendant Carrington concerning truthful reporting, use of field-test kits, and communication with law enforcement.

54. This breach was a substantial factor in causing Plaintiff's injuries.

## COUNT VI - RESPONDEAT SUPERIOR / VICARIOUS LIABILITY (STATE LAW)

### Barry G. Bruyn v. Cargill Meat Solutions Corporation and Cargill, Incorporated

55. Plaintiff incorporates Paragraphs 1-54.

56. Defendant Carrington acted within the course and scope of her employment during all relevant times.

57. The Cargill Defendants are vicariously liable for the state-law torts committed by Defendant Carrington.

## COUNT VII - 42 U.S.C. §1983 (FOURTH AMENDMENT - FALSE ARREST AND MALICIOUS PROSECUTION)

### Barry G. Bruyn v. Trooper Mitchell Kerrick (Individual Capacity)

58. Plaintiff incorporates Paragraphs 1-57.

59. At all relevant times, Trooper Kerrick acted under color of state law.

60. Trooper Kerrick caused Plaintiff to be arrested by filing a Criminal Complaint and Affidavit of Probable Cause alleging possession of methamphetamine.

61. Defendant Kerrick deprived Plaintiff of his right to be free from false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

62. Defendant Kerrick deprived Plaintiff of his right to be free from malicious prosecution in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

63. Defendant Kerrick was deliberately indifferent to Plaintiff's aforementioned rights.

64. Trooper Kerrick lacked probable cause and he relied solely on uncorroborated statements by Defendant Carrington.

65. Plaintiff's arrest constituted an unreasonable seizure under the Fourth Amendment.

66. Trooper Kerrick initiated and continued criminal proceedings without probable cause.

67. Plaintiff was subject to a seizure through the initiation of criminal charges.

68. The prosecution terminated in Plaintiff's favor.

69. Plaintiff suffered loss of liberty, emotional distress, reputational harm, and economic losses.

70. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988.

71. Plaintiff seeks punitive damages against Trooper Kerrick because his conduct demonstrated reckless disregard for Plaintiff's constitutional rights.

## DEMAND FOR JURY TRIAL

72. Plaintiff demands a trial by jury on all triable issues.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, jointly and severally where permitted by law, awarding:

      a. Compensatory damages;
      b. Emotional distress and reputational harm damages;
      c. Lost wages and diminished earning capacity;
      d. Punitive damages against Defendants Carrington and Kerrick;
      e. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;
      f. Pre- and post-judgment interest; and
      g. Any other relief the Court deems appropriate.

Respectfully submitted,
COMERFORD LAW

BY: */s/ Matthew T. Comerford, Esquire*
MATTHEW T. COMERFORD, ESQUIRE
Attorney for Plaintiff
538 Biden Street, Suite 430
Scranton, PA 18503

## VERIFICATION

I, Barry Bruyn, verify that the facts set forth in the foregoing COMPLAINT are true and correct. I understand that false statements herein are made subject to the Penalties of 18 Pa. C.S. Sec. 4904, relating to unsworn falsification to authorities.

_____
Barry Bruyn

DATE: 11-21-2025