UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY G. BRUYN,<br>Plaintiff<br><br>vs.<br><br>AUBREY CARRINGTON, individually and in her capacity as Senior Human Resources Generalist; CARGILL MEAT SOLUTIONS CORPORATION; and TROOPER MITCHELL KERRICK, in his individual capacity,<br>Defendants | : | No. 4:25-CV-02460<br><br>(Chief Judge Brann) |

**PLAINTIFF'S SUR-REPLY BRIEF IN FURTHER OPPOSITION TO THE CARGILL DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## INTRODUCTION

The Cargill Defendants' Reply does not shore up their Motion; it confirms its weaknesses. Unable to prevail on the arguments they actually raised, the Cargill Defendants pivot to grounds for dismissal that they did not advance in their opening brief: a supposed failure to prosecute and an invocation of the Court's sanctions warning which this Court should not entertain for the first time on reply. On the merits, the Reply rests on two mischaracterizations of the record and a misreading of the one case the Cargill Defendants call "dispositive." Corrected, each point favors Plaintiff. This limited sur-reply addresses only those matters; Plaintiff otherwise relies on his opposition (ECF No. 37), which he incorporates by reference.

## ARGUMENT

### I. The Court should not consider the new grounds for dismissal the Cargill Defendants raised for the first time on reply.

A movant may not withhold its arguments for a reply brief, to which the opposing party has no chance to respond. Consistent with that principle, courts in this District permit a sur-reply and, conversely, disregard newly raised matter where a party has raised an argument "for the first time" in reply. *Stansbury v. Barrick Enters., Inc.*, No. 1:22-CV-00342, 2024 WL 1333367 (M.D. Pa. Mar. 28, 2024). The Third Circuit follows the same rule: "[a]s a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief," a rule applied "so that appellees are not prejudiced by the lack of an opportunity to respond to issues raised for the first time in an appellant's reply brief." *United States v. Boggi*, 74 F.3d 470 (3d Cir. 1996). Arguments raised for the first time in a reply are deemed "waived." *United States v. Coles*, 586 F. App'x 98 (3d Cir. 2014) (non-precedential).

The Cargill Defendants' Reply does exactly what these authorities forbid. Their opening brief sought dismissal with prejudice on a single ground that Plaintiff had already amended once. (ECF No. 34 at 1-2.) The Reply, by contrast, argues for the first time that Plaintiff "has largely failed to prosecute this action" (ECF No. 39 at 9), and that Plaintiff "has not complied with this Court's rules," inviting the "monetary and/or nonmonetary sanctions" referenced in the Court's Order (ECF No. 4). (ECF No. 39 at 10.) Although the opening brief recited the extension and meet-

and-confer history as background (ECF No. 34 at 4-5), it did not advance failure to prosecute, or a request for sanctions, as a ground for dismissal. Those arguments appear for the first time in the Reply, and the Court should decline to consider them.

In all events, both new theories fail on the Cargill Defendants' own account of the record. The Reply concedes that each extension Plaintiff sought was unopposed and granted by the Court: "The Cargill Defendants did not object to an extension, and the Court granted Plaintiff a 45-day extension" (ECF No. 39 at 9). Every extension Plaintiff sought was unopposed and Court-granted; Plaintiff amended his complaint with the Court's leave; and Plaintiff has opposed the Motion to Dismiss on the merits. That history is not a failure to prosecute, and the Reply identifies no order Plaintiff violated and no conduct warranting sanctions. These are makeweight accusations, not grounds for dismissal with prejudice.

**II. Plaintiff did not concede that Counts I and II are barred.**

The Reply's assertion that Plaintiff "[l]argely [a]grees" that Counts I and II are barred, and "admits as much" (ECF No. 39 at 1-2), is not accurate. Plaintiff argued that Counts I and II are pleaded narrowly and are not barred in their entirety at the pleading stage, and that the Cargill Defendants had not shown that every pleaded publication or republication is privileged as a matter of law. (ECF No. 37.) What Plaintiff acknowledged is only that malice does not defeat an otherwise-applicable

privilege, not that his claims fail. The Cargill Defendants cannot manufacture a concession Plaintiff never made.

The point matters most for Count III. Plaintiff's malicious-prosecution claim does not rest on the publication of a defamatory statement; it rests on the procurement of a criminal prosecution through knowingly false information. The judicial-privilege authorities the Cargill Defendants marshal are defamation cases, and they do not dispose of a procurement-based malicious-prosecution claim.

**III. Brown v. Gap Inc. is distinguishable, and the rule it applies, recognized in Braswell v. Wollard, supports Plaintiff's malicious-prosecution claim.**

The Reply stakes its malicious-prosecution argument on the claim that "*Brown* is indistinguishable from this case and its rationale is dispositive." (ECF No. 39 at 5.) *Brown* is in fact distinguishable, and the rule it applied forecloses dismissal here.

*Brown* did not hold that an officer's review of video, standing alone, immunizes a private accuser. The Court dismissed the claim against the store because the plaintiffs' own allegations established that the officers independently knew no crime had occurred and arrested anyway: "But according to the allegations here, the Officer Defendants were not deprived of an intelligent exercise of their discretion. Rather, they knew they lacked probable cause, viewed the video that allegedly depicted theft but actually showed none, discovered that Roman had not accused Plaintiffs of shoplifting, and ignored exculpatory statements and other

evidence, including receipts matching the items in Plaintiffs' possession." *Brown v. Gap Inc.*, No. 1:22-CV-00165, 2023 WL 3743134 (M.D. Pa. May 31, 2023). Because the officers were not misled by the store's report, the Court held the officers were "left entirely to [their] discretion to initiate the [criminal] proceedings or not." *Brown*, 2023 WL 3743134.

*Brown* then drew the very distinction that governs this case. It contrasted the situation, recognized in *Braswell v. Wollard*, 2020 PA Super 279, 243 A.3d 973 (2020), in which a private accuser is liable because "the 'sole basis for the officer to believe [the plaintiff] to be the perpetrator was [the defendant's] statement' accusing the plaintiff of 'committing a crime.'" *Brown*, 2023 WL 3743134. *Braswell* is directly on point. There, the Pennsylvania Superior Court reversed summary judgment entered for a private accuser, holding that where the parties had each "accused the other of committing a crime" and "[t]he sole basis for the officer to believe [the plaintiff] to be the perpetrator was [the accuser's] statement," it was "impossible" for the officer "to have grounded his probable cause determination on evidence other than [the accuser's] version of events," so a jury could find that the accuser's knowingly false report initiated the prosecution. *Braswell*, 2020 PA Super 279.

That is precisely what the First Amended Complaint alleges. Carrington supplied the only link between Plaintiff and the alleged contraband: her account that a baggie fell from Plaintiff's lab coat. As pleaded, however, Trooper Kerrick's own

affidavit "did not state that he personally saw a baggie or any object fall from Plaintiff's lab coat." (*Bruyn v. Carrington*, First Amended Complaint at 4.) On those allegations, the attribution on which the prosecution rested came solely from Carrington. Under the reasoning of *Brown* and *Braswell* alike, that states a claim; it does not defeat one.

Courts in this District apply the same rule: a private defendant need not personally initiate the proceedings, because "[l]iability for malicious prosecution can also attach when defendant influences a third party to initiate the proceedings." *Bristow v. Clevenger*, 80 F. Supp. 2d 421 (M.D. Pa. 2000). Summary judgment is precluded where the plaintiff shows the accuser knowingly supplied false information. *Bristow*, 80 F. Supp. 2d 421.

The Cargill Defendants' own Reply confirms the governing standard. It quotes Restatement (Second) of Torts § 653 (1977) comment g: "If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information." (ECF No. 39 at 3 (quoting Restatement (Second) of Torts § 653 (1977) cmt. g)); (Cargill's Reply Brief at 6.) The First Amended Complaint pleads exactly that predicate: Carrington "knowingly provided false or materially misleading information to law enforcement." (*Bruyn v. Carrington*, First Amended Complaint at 11.) Accepted as true, that allegation brings

this case squarely within the Restatement exception the Cargill Defendants themselves invoke. A court in this District applied that very rule at the pleading stage in *Scicchitano v. Williams*, No. 4:25-CV-00650, 2025 WL 2825612 (M.D. Pa. Oct. 2, 2025), denying a Rule 12(b)(6) motion because, when an officer acts on false information from a private source, "an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information," a rule the court held "sufficient to satisfy the first element of a malicious prosecution claim at this early stage in the litigation." *Scicchitano*, 2025 WL 2825612.

**IV. Probable cause cannot be resolved on the pleadings on this record.**

Courts in this District decline to resolve probable cause on a motion to dismiss. In *Fought v. City of Wilkes-Barre, Pennsylvania*, 466 F. Supp. 3d 477 (M.D. Pa. 2020), the court denied dismissal of a malicious-prosecution claim built on knowingly false statements in a probable-cause affidavit, reminding the parties that "before the Court is Defendants' motion to dismiss, not a motion for summary judgment after discovery." *Fought*, 466 F. Supp. 3d 477. The Reply's fallback that a positive field test established probable cause as a matter of law cannot be decided at this stage. The rule the Cargill Defendants quote comes from a decision entered on a developed summary-judgment record. *Tomaskevitch* held that "[t]he showing of probable cause is an absolute defense to a charge of malicious prosecution."

*Tomaskevitch v. Specialty Recs. Corp.*, 717 A.2d 30 (Pa. Commw. Ct. 1998). But the court reached that conclusion only after discovery, and against a private employer, because the plaintiff had proffered no evidence that the employer knowingly supplied false information or that its conduct was the determining factor in the decision to charge. *Tomaskevitch*, 717 A.2d 30. Here there has been no discovery, and the First Amended Complaint alleges exactly the knowing falsity that was absent in *Tomaskevitch*.

Pennsylvania law confirms that probable cause is a pleading-stage question for the court only where the facts are undisputed. As the Commonwealth Court explained, "the presence or absence of probable cause is a question exclusively for the court where there are no material conflicts in the testimony." *Alleyne v. Pirrone*, 180 A.3d 524 (Pa. Commw. Ct. 2018). In *Alleyne* the court resolved probable cause as a matter of law precisely because it found no material conflict in the record. Here, the opposite is true: the First Amended Complaint pleads a material conflict in that Carrington told police the video showed a baggie fall from Plaintiff's lab coat, while Trooper Kerrick's own affidavit "did not state that he personally saw a baggie or any object fall from Plaintiff's lab coat." (*Bruyn v. Carrington*, First Amended Complaint at 4.) Whatever a field test showed about the substance's identity, it did not resolve who possessed or dropped it, which is the disputed attribution at the heart of the claim. That dispute cannot be resolved against Plaintiff on a motion to dismiss.

**V. The Reply misstates the record on Plaintiff's emotional-distress claim, and its authorities are inapposite.**

The Reply asserts that Plaintiff offered "No case citations. No statutes. Nothing" in support of his intentional-infliction claim. (Cargill's Reply Brief at 11.) That is incorrect. Plaintiff's opposition addressed the claim, acknowledged the demanding standard, and cited and applied authority, including *Project Mgmt. Inst., Inc. v. Ireland*, No. CIV.A.99-4891, 2000 WL 375266 (E.D. Pa. Apr. 11, 2000), and *Hines v. Proper*, 442 F. Supp. 2d 216 (M.D. Pa. 2006).

The Cargill Defendants' own authorities defeat their argument, because each turned on the absence of the very allegation the First Amended Complaint makes: that the accusation was knowingly false. In *Kuper v. Colonial Penn Ins. Co.*, No. CIV.A. 99-172, 1999 WL 317077 (E.D. Pa. May 18, 1999), the court dismissed an emotional-distress claim, but expressly because "Kuper has not alleged that McMaster and Dezzi made accusations about him that they knew to be false." *Kuper*, 1999 WL 317077. Only on that footing did the court observe that "[w]hile being falsely accused of a crime by your employer, assuming Kuper's allegations to be true, is an unfortunate experience, such conduct does not rise to the level of extreme and outrageous conduct that has been found to permit a recovery for intentional infliction of emotional distress." *Kuper*, 1999 WL 317077. *Magid* is the same: its statement that "[m]ere allegations of criminal conduct are insufficient to establish that a person acted in an extreme or outrageous manner," *U.S. ex rel. Magid v. Wilderman*, No. CIV.A.96-CV-4346, 2005 WL 469590 (E.D. Pa. Feb. 28, 2005), was made on a counterclaim that did not allege the accuser knew the charge was

false, and *Magid* has since been disagreed with on this point by *Kovalev v. City of Philadelphia*, No. CV 16-6380, 2017 WL 770945 (E.D. Pa. Feb. 28, 2017), aff'd, 775 F. App'x 72 (3d Cir. 2019), which recognized that knowingly instituting false criminal charges can be extreme and outrageous. *Kovalev*, 2017 WL 770945.

A court in this District has framed the same divide: while some decisions hold false accusations of crime are not sufficiently extreme, "other courts have held that in some instances, intentional false allegations of criminal wrongdoing, if acted upon by the authorities to the detriment of a plaintiff, will support a claim of intentional infliction of emotional distress." *Velardo v. Lewko*, No. 3:18-CV-1885, 2019 WL 5095657 (M.D. Pa. Aug. 22, 2019), report and recommendation adopted, No. 3:18-CV-1885, 2019 WL 4391444 (M.D. Pa. Sept. 13, 2019). Plaintiff's allegation of a knowingly false attribution that caused his arrest and prosecution falls on the actionable side of that line.

Here, by contrast, the First Amended Complaint alleges that Carrington "knowingly provided false or materially misleading information to law enforcement." (*Bruyn v. Carrington*, First Amended Complaint at 11.) The distinction the Cargill Defendants' own cases draw between negligent accusation and knowing falsehood is the distinction Plaintiff has pleaded. At the pleading stage, that allegation must be accepted as true.

**CONCLUSION**

The Court should disregard the arguments the Cargill Defendants raised for the first time on reply, and, for the reasons stated here and in Plaintiff's opposition, should deny the Motion to Dismiss. To the extent the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend.

COMERFORD LAW

BY: /s/ *Matthew T. Comerford, Esquire*
Matthew T. Comerford, Esquire
*Attorney for Plaintiff Barry G. Bruyn*